<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRANDON DELGADO, | : | |
| | | Civil Action No. 08-2074 (RMB) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| FEDERAL BUREAU OF PRISONS, | : | |
| et al., | | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Brandon Delgado
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320

**BUMB**, District Judge

    Petitioner Brandon Delgado, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application to proceed in forma pauperis

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

pursuant to 28 U.S.C. § 1915(a).  The respondents are the Federal Bureau of Prisons and Warden Paul Schultz.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis and direct the Clerk of the Court to file the Petition.  Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

On October 5, 2006, following his conviction for various drug offenses in violation of 21 U.S.C. § 841(a)(1), Petitioner was sentenced in the U.S. District Court for the District of Massachusetts to a term of 57 months' imprisonment to be followed by three years' supervised release.  See United States v. Delgado, 05-cr-10176 (RCL) (D. Mass.).[2]  Petitioner states that his sentence was enhanced because of his possession of a firearm in connection with the crimes of conviction.  (Petition at 2.)[3]

_____

[2] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

[3] In his Plea Agreement, Petitioner agreed that "U.S.S.G. § 2D1.1(b)(1) is applicable, requiring an increase to the [Base Offense Level] of 2 levels."  U.S. v. Delgado, 05-cr-10176, Plea Agreement [37] ¶ 3(b).  United States Sentencing Guideline

Petitioner states that he is presently enrolled in the Bureau of Prisons' 500-hour Residential Drug Abuse Treatment Program.  Petitioner states that he has been advised that he will not be eligible for any time off from his sentence because of the enhancement of his sentence for possession of a firearm in connection with the crime of conviction.

Petitioner has brought this Petition challenging the final 2000 regulation prohibiting eligibility for time off for persons whose sentences were enhanced due to possession of a firearm. Petitioner asserts that the regulation is invalid because it is "arbitrary and capricious" in violation of the Administrative Procedure Act.  See 5 U.S.C. § 706(2)(A).

Petitioner asks this Court to order the Bureau of Prisons to grant Petitioner time off on completion of the 500-hour drug treatment program.[4]

---

§ 2D1.1(b)(1) provides that "If a dangerous weapon (including a firearm) was possessed, increase [Base Offense Level] by 2 levels."

[4] This is the second time Petitioner has challenged the decision that he is not eligible for time off from his sentence under the regulations governing the 500-hour Residential Drug Abuse Treatment Program.  See Delgado v. Federal Bureau of Prisons, 07-cv-3361 (RBK) (D.N.J.).  Petitioner did not appeal the denial of relief in Civil Action No. 07-3361, in which Petitioner challenged the interim 1997 rule, which was then no longer in effect.

II.   <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  <u>See</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. §§ 2243, 2255.

III.   <u>ANALYSIS</u>

In 1990, Congress required the Bureau of Prisons to "make available appropriate substance abuse treatment for each prisoner

the Bureau determines has a treatable condition of substance addition or abuse."  Crime Control Act of 1990, Pub.L. 101-647, § 2903, 104 Stat. 4789, 4913 (codified as amended at 18 U.S.C. § 3621(b)).  In 1994, Congress amended the statute to provide an incentive for prisoner participation.  The incentive provision reads:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103-322, § 32001, 108 Stat. 1796, 1897 (codified at 18 U.S.C. § 3621(e)(2)(B)).

The Bureau published a regulation to implement the early release incentive one year later.  The Bureau defined prisoners who had not been convicted of a nonviolent offense, and who thus were ineligible for early release, as those prisoners who were currently incarcerated for committing a crime of violence as defined in 18 U.S.C. § 924(c)(3).  28 C.F.R. § 550.58 (1995); see 60 Fed.Reg. 27,692, at 27,695.  Following the promulgation of the 1995 regulation, the Courts of Appeals reached differing conclusions on the question of whether the Bureau had discretion to further define a crime of violence as an offense involving a firearm, and thus exclude from eligibility for the early release incentive those prisoners who were incarcerated for such

5

offenses.  <u>See generally</u> <u>Lopez v. Davis</u>, 531 U.S. 230, 234-35 (2001).

In light of the split among the Circuits, the Bureau promulgated an interim regulation on October 15, 1997, and made the regulation effective approximately one week prior, on October 9, 1997.  28 C.F.R. § 550.58(a)(1)(vi)(B) (1997); 62 Fed.Reg. 53,690.  The 1997 interim regulation, like the one it superceded, made ineligible for the early release incentive those prisoners incarcerated for an offense that involved the possession, use, or carrying of a firearm.  28 C.F.R. § 550.58(a)(1)(vi)(B).  The 1997 interim regulation differs from the 1995 regulation by relying on "the discretion allotted to the Director of the Bureau of Prisons in granting a sentence reduction to exclude [enumerated categories of] inmates," 62 Fed.Reg. at 53,690, rather than purporting to define the statutory terms "prisoner convicted of a nonviolent offense" or "crime of violence."[5]

The commentary accompanying publication of the 1997 interim regulation noted that the Bureau was "publishing this change as an interim rule in order to solicit public comment while

─────────────

[5] In <u>Lopez v. Davis</u>, the Supreme Court held that the 1997 interim regulation's categorical exclusion of prisoners based on their involvement with firearms in connection with the commission of a felony was a permissible exercise of the Bureau's discretion.  The Court declined to consider the arguments of various <u>amici</u> that the 1997 interim regulation violated the notice-and-comment provisions of the APA, as that argument had not been raised or decided below, or presented in the petition for certiorari.  531 U.S. 230, 244 n.6.

continuing to provide consideration for early release to qualified inmates." 62 Fed.Reg. at 53,690. Nevertheless, the effect of the implemented interim regulation was to deny program eligibility to certain categories of inmates confined at that time and until promulgation of a final regulation. The commentary to the interim regulation further provided that comments on the interim rule were due on December 15, 1997, and that the comments would be considered before final action was taken.

Three years later, on December 22, 2000, the Bureau replaced the 1997 interim regulation with a final regulation, which adopted the 1997 interim regulation without change. See 65 Fed.Reg. 80,745. The final regulation was effective as of December 22, 2000. Id. The commentary accompanying the final regulation noted that the Bureau had received and considered approximately 150 comments from individuals and organizations, 138 of which were identical. Id. at 80,747. Thus, the final regulation read, in pertinent part, as follows:

Consideration for early release.

An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

7

(a)   Additional early release criteria.

(1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

...

(vi) Inmates whose current offense is a felony:

...

(B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), ...

5 U.S.C. § 550.58 (2000).  The regulation has remained unchanged since 2000.

The Administrative Procedure Act requires, with exceptions not relevant here, that proposed rules be published in the Federal Register, not less than 30 days before the proposed rule's effective date, and provide a period for interested persons to comment on the proposed rule, which comments are to be considered by the agency prior to adopting the rule.  See 5 U.S.C. § 553(b), (c), (d).

Following promulgation of the 1997 interim regulation, the United States Court of Appeals for the Ninth Circuit determined that the 1997 interim regulation was invalid, for failure to follow the notice-and-comment requirements of the APA.  See, Paulsen v. Daniels, 413 F.3d 999 (9th Cir. 2005).  The 2000 final rule, however, complied with the notice-and-comment requirements.

8

More recently, the Court of Appeals for the Ninth Circuit has held that the final 2000 rule is invalid, nevertheless, as "arbitrary and capricious" in violation of § 706(2)(A) of the APA, for failure to set forth a rationale for its categorical exclusion rule.  <u>Arrington v. Daniels</u>, 516 F.3d 1106 (9th Cir. 2008).  It is upon the <u>Arrington</u> decision that Petitioner relies here.

As an initial matter, this Petition is subject to dismissal because Petitioner states that he has not pursued his administrative remedies.[6]  Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until

---

[6] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  <u>Id.</u>  Appeal to the General Counsel is the final administrative appeal.  <u>Id.</u>  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

he has exhausted all available administrative remedies.  See,
e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias
v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981);
Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The
exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a
> factual record and apply its expertise facilitates
> judicial review; (2) permitting agencies to grant the
> relief requested conserves judicial resources; and (3)
> providing agencies the opportunity to correct their own
> errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd,
248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau
of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless,
exhaustion of administrative remedies is not required where
exhaustion would not promote these goals.  See, e.g., Gambino v.
Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required
where petitioner demonstrates futility); Lyons v. U.S. Marshals,
840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where
it "would be futile, if the actions of the agency clearly and
unambiguously violate statutory or constitutional rights, or if
the administrative procedure is clearly shown to be inadequate to
prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959,
*2 (E.D. Pa. 2000) (exhaustion not required where delay would
subject petitioner to "irreparable injury").

    Petitioner asserts in conclusory fashion that exhaustion of
his administrative remedies would be futile and would subject him

to irreparable injury.  This Court disagrees.  Petitioner has been aware at least since the Opinion and Order were entered in Civil Action No. 07-3361 (RBK) (D.N.J.), in October 2007, that the final 2000 regulation governed his eligibility for early release, and this Petition is dated April 25, 2008.  Thus, Petitioner could have pursued his administrative remedies during the intervening months.  Moreover, Petitioner asserts that he is currently enrolled in the 500-hour Residential Drug Abuse Treatment Program, so he still has time to exhaust his administrative remedies.   Moreover, without a full administrative record, this Court cannot determine whether the BOP has exercised its discretion based upon factors other than the 2-level firearm sentencing enhancement.  For all of these reasons, the Petition is subject to dismissal for failure to exhaust administrative remedies.

     In addition, this Court disagrees with the Arrington decision.  In Lopez v. Davis, 531 U.S. 230, 240 (2001), the Supreme Court agreed with the Bureau of Prisons' argument that "the agency may exclude inmates either categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, see Chevron[ v. Natural Resources Defense Council, 467 U.S. 837, 884 (1984)], in a manner that is not arbitrary or capricious, see 5 U.S.C. § 706(2)(A)."  The Court went on, "Having decided that the Bureau may

categorically exclude prisoners based on their preconviction conduct, we further hold that the [1997 interim regulation] is permissible.  The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision."  531 U.S. at 244 (footnote omitted).

The Court of Appeals for the Sixth Circuit has held that the Lopez decision "does directly control" the argument that this challenged regulation is arbitrary.  See Harrison v. Lamanna, 19 Fed.Appx. 342, 2001 WL 1136080 (6th Cir. 2001).  See also Cushenberry v. Federal Medical Center, 530 F.Supp.2d 908, 913 (E.D. Ky. 2008) (same); Robinson v. Gonzaales, 493 F.Supp.2d 758, 763-64 (D. Md. 2007) (same); Chevrier v. Marberry, 2006 WL 3759909, *4-5 (E.D. Mich. 2006) ("There is nothing unreasonable in the BOP's common-sense decision that there is a significant potential for violence from criminals who possess firearms.").  This Court agrees that the Lopez decision directly controls the claim that this challenged regulation, which is identical to the 1997 interim regulation at issue in Lopez, is arbitrary in violation of the APA.  Petitioner is not entitled to relief on this claim.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be dismissed or, in the alternative, denied on the merits.   An appropriate order follows.

<u>s/Renée Marie Bumb</u>
Renée Marie Bumb
United States District Judge

Dated: <u>May 7, 2008</u>